JOHN R. CASWELL *vs.* EDWIN L. ROBINSON.

NEWPORT—FEBRUARY 17, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Interpleader. Construction of Will. Vested Equitable Interest. Husband's Right to Personal Estate of Deceased Wife.*

A. bequeathed a fund in trust to be paid over, upon the termination of lives mentioned, to his widow and minor son in equal shares; the widow subsequently married and deceased intestate and without issue before the fund was payable; and her second husband survived her and was appointed administrator on her estate; the latter claimed the fund by virtue of such appointment and of his marital rights, and the guardian of the son also claimed the same for his ward as survivor of the donees named in the will :—

*Held*, that the widow took a vested equitable interest in the corpus of the trust fund, although possession of the same was postponed during the lives mentioned.

*Held*, further, that the husband's right to the surplus of his deceased wife's personal property is established in this State.

*Held*, further, that the fund should be divided equally between the husband and the minor son of the testator.

INTERPLEADER to determine the title to a trust fund that had become payable upon termination of the trust. Heard on bill and the answers of the several respondents.

MATTESON, C. J. Our opinion is that under the will of Philip Caswell, Jr.,[1] his wife, Sarah Stanton Caswell, took a vested equitable interest in the corpus of the trust fund of $10,000 bequeathed to the complainant in trust. The direction to pay the corpus of the fund to her and to his son Philip in equal shares on the decease of the testator's father and mother, to whom and to the survivor of whom the income is to be paid during their joint lives and the life of the survivor, simply marks the time when the gift is to take effect in possession. *Rogers* v. *Rogers*, 11 R. I. 38, 72 to 76 ; *Chafee* v. *Maker*, 17 R. I. 739–741, and cases stated.

In this State the husband's right to the surplus of his deceased wife's personal estate, in case of her intestacy, is established by *Kenyon* v. *Saunders*, 18 R. I. 590.

We decide, therefore, that the fund in suit is to be divided equally between the respondent Edwin L. Robinson and the respondent Philip Caswell.

*Charles Acton Ives*, for complainant.

*William P. Sheffield and William P. Sheffield, Jr.*, for respondents.

---

[1] To J. R. C. $10,000 in trust to pay income thereof " to and for the use of my father P. C., my mother E. R. C. and my brother O. R. C., equally, to and for them and the survivors of them and wholly to and for the last survivor of them, until the death of said last survivor, and then to pay and convey the principal or capital of said trust fund or property in equal shares to my said wife and my son Philip absolutely and discharged from every trust."